5:25-cv-432

**DEPARTMENT OF HOMELAND SECURITY**
**NOTICE TO APPEAR**

DOB: ▮▮▮▮

In removal proceedings under section 240 of the Immigration and Nationality Act:
Subject ID: 367091371    FINS: 1112437053

File No: 200 956 125

In the Matter of:

Respondent: CESAR JANICSIO MEJIA-ACOSTA _____ currently residing at:

South Texas ICE Processing Center 566 VETERANS DRIVE PEARSALL, TEXAS, 78061   (830) 334-2939
(Number, street, city and ZIP code)                              (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

A  1. You are not a citizen or national of the United States;
A  2. You are a native of HONDURAS and a citizen of HONDURAS;
A  3. You arrived in the United States at or near Unknown, on or about unknown date; 1998
A  4. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

S  212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:    ☐ 8CFR 208.30    ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

566 Veteran Drive Suite 101 Pearsall TX 78061, Pearsall, Tx - Det Facility
(Complete Address of Immigration Court, including Room Number, if any)

on January 17, 2020   at 10:00 AM   to show why you should not be removed from the United States based on the
   (Date)                  (Time)                                Steven Kemerling
charge(s) set forth above.                                              SDDO                               SDDO
                                             (Signature and Title of Issuing Officer) (Sign in ink)

Date: November 1, 2019                                       AUSTIN, TEXAS
                                                             (City and State)

DHS Form I-862 (6/19)                         Exh# 1                                  Page 1 of 3

EXHIBIT A                                DEC 12 2019

                                         IJ Stuart D. Alcorn

1

### Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or removable contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at www.uscis.gov/I-589. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the Internet at http://www.ice.gov/contact/ero, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office of Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent) (Sign in ink)*

_____
*(Signature and Title of Immigration Officer) (Sign in ink)*

Date: _____

### Certificate of Service

This Notice To Appear was served on the respondent by me on **November 1, 2019**, in the following manner and in compliance with section 239(a)(1) of the Act.

[X] in person   [ ] by certified mail, returned receipt # _____ requested   [ ] by regular mail

[ ] Attached is a credible fear worksheet.

[X] Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the **SPANISH** language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

**REFUSED TO SIGN** _____
*(Signature of Respondent if Personally Served) (Sign in ink)*

_____ **Deportation Officer**
*(Signature and Title of officer) (Sign in ink)*

DHS Form I-862 (6/19)                                                                                                    Page 2 of 3

## Privacy Act Statement

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

U.S. DEPARTMENT OF HOMELAND SECURITY        Warrant for Arrest of Alien

File No. __200 956 125__

Date: __11/01/2019__

To: Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations

I have determined that there is probable cause to believe that __MEJIA-ACOSTA, CESAR__ is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☑ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☑ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

_____
(Signature of Authorized Immigration Officer)

__S 4698 KEMERLING - SDDO__
(Printed Name and Title of Authorized Immigration Officer)

### Certificate of Service

I hereby certify that the Warrant for Arrest of Alien was served by me at __AUSTIN, TEXAS__ (Location)

on __MEJIA-ACOSTA, CESAR__ (Name of Alien) on __November 1, 2019__ (Date of Service), and the contents of this notice were read to him or her in the __SPANISH__ (Language) language.

A.RAMOS 7456 RAMOS
Deportation Officer
Name and Signature of Officer                Name or Number of Interpreter (if applicable)

Form I-200 (Rev. 09/16)

4

**DEPARTMENT OF HOMELAND SECURITY**
## NOTICE OF CUSTODY DETERMINATION

Alien's Name: MEJIA-ACOSTA, CESAR JANICSIO

A-File Number: 200 956 125

Date: 11/01/2019

Event ID: AUS2011000007

Subject ID: 367091371

---

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be:

[X] Detained by the Department of Homeland Security.

[ ] Released (check all that apply):

    [ ] Under bond in the amount of $ _____

    [ ] On your own recognizance.

    [ ] Under other conditions. [Additional document(s) will be provided.]

KEMERLING, S 4698
Name and Signature of Authorized Officer

11/01/2019 10:56 AM
Date and Time of Custody Determination

SDDO
Title

ICE ERO Austin Sub Office 300 EAST 8TH STREET, ROOM B-111
AUSTIN, TX US 78701
Office Location/Address

---

You may request a review of this custody determination by an immigration judge.

[X] I acknowledge receipt of this notification, and

    [X] I **do** request an immigration judge review of this custody determination.

    [ ] I **do not** request an immigration judge review of this custody determination.

_Cesar Mejia_
Signature of Alien

11·1·19
Date

---

The contents of this notice were read to MEJIA-ACOSTA, CESAR JANICSIO (Name of Alien) in the SPANISH (Name of Language) language.

RAMOS, A.RAMOS 7456
Name and Signature of Officer

Name or Number of Interpreter (if applicable)

Deportation Officer
Title

UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION COURT
566 VETERANS DRIVE
PEARSALL, TX 78061

IN THE MATTER OF
MEJIA-ACOSTA, CESAR JANICSIO ) A# 200-956-125
RESPONDENT )
 )  IN REMOVAL PROCEEDINGS
 ) DOCKET: PEARSALL, TEXAS

CUSTODY ORDER OF THE IMMIGRATION JUDGE

Requests having been made for a change in the custody status of the respondent pursuant to 8 C.F.R. Part 1236 and having considered the representations of the Immigration and Naturalization Service and the respondent, **IT IS HEREBY ORDERED** that:

___ The request for a change in the custody status of the respondent is
**DENIED.**
_X_ The request for a change in the custody status of the respondent be
**GRANTED** and respondent be:

1. ___ Released from custody on respondent's own recognizance; or
   _X_ Released from custody upon posting a bond of $ 10000
        (not less than $1,500).
   ___ By agreement of both parties and:

2. _X_ The conditions of the bond:
   ___ remain unchanged; or

   _X_ are changed as follows: to require the respondent to present a valid government-issued identification document or documents to DHS/ICE, prior to or upon posting bond; or

   _X_ are changed: to prohibit the respondent from operating a motor vehicle within the United States during the pendency of the respondent's removal proceedings, except with proper licensure; or

   ___ are changed as follows: _____

STUART DOUGLAS ALCORN
IMMIGRATION JUDGE
Date: 12/12/2019

(R) DHS

Appeal: WAIVED/(RESERVED) A/I/B
Appeal Due By: 1/13/2020

**CERTIFICATE OF SERVICE**
THIS DOCUMENT WAS SERVED BY: ( ) MAIL (M) PERSONAL SERVICE (P)
TO: ( )ALIEN ( )ALIEN c/o Custodial Officer (✓)Alien's ATT/REP ( )INS
DATE: 12/12/19 By: COURT STAFF
Attachments: ( ) EOIR-33 ( ) EOIR-28 ( )Legal Services List ( ) Other

6

**U.S. Department of Homeland Security** — **Record of Deportable/Inadmissible Alien**

| Family Name (CAPS) | First | Middle | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|
| MEJIA-ACOSTA, | CESAR | JANICSIO | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | File Number | Height | Weight | Occupation |
|---|---|---|---|---|---|
| HONDURAS | | 200 956 125 | 67 | 160 | LABORER |

U.S. Address: South Texas ICE Processing Center 566 VETERANS DRIVE PEARSALL, TEXAS, 78061

Scars and Marks: See Narrative

Date, Place, Time, and Manner of Last Entry: Unknown Date, UNK, UU - Unknown Or Not Reported

Passenger Boarded at:

F.B.I. Number: 
☒ Single  ☐ Divorced  ☐ Married  ☐ Widower  ☐ Separated

Number, Street, City, Province (State) and Country of Permanent Residence: UNKNOWN CATACAMAS, OLANCHO, HONDURAS

Method of Location/Apprehension: CLC NA

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| | 11/01/2019 | AUS/SNA | See I-831 | 11/01/2019 08:03 |

City, Province (State) and Country of Birth: CATACAMAS, HONDURAS

AR ☒   Form: (Type and No.) Lifted ☐ Not Lifted ☐

By: See Narrative

NIV Issuing Post and NIV Number:

Social Security Account Name:

Status at Entry:

Status When Found:

Date Visa Issued:

Social Security Number:

Length of Time Illegally in U.S.:

Immigration Record:

Criminal Record:

Name, Address, and Nationality of Spouse (Maiden Name, if Appropriate): ALVAREZ, ORALIA NATIONALITY: ST. LUCIA ADDRESS: 4512 Norwood lane, Austin, TEXAS, UNITED STATES

Number and Nationality of Minor Children: None

Father's Name, Nationality, and Address, if Known: MEJIA, JULIO NATIONALITY: HONDURAS

Mother's Present and Maiden Names, Nationality, and Address, if Known: ACOSTA, DESSY NATIONALITY: MEXICO

Monies Due/Property in U.S. Not in Immediate Possession: None Claimed

Fingerprinted? ☒ Yes ☐ No

Systems Checks: See Narrative

Charge Code Word(s): See Narrative

Name and Address of (Last)(Current) U.S. Employer: BEST INSULATION

Type of Employment: See Narrative

Salary: Weekly

Employed from/to: /2016 / /

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

```
SCARS MARKS AND TATTOOS
-----------------------
TATTOO ARM, LEFT UPPER - TATTOO ARM, LEFT UPPER
TATTOO CHEST - TATTOO CHEST
TATTOO HAND, LEFT - TATTOO HAND, LEFT
TATTOO ARM, RIGHT UPPER - TATTOO ARM, RIGHT UPPER

Subject Health Status
---------------------
The subject claims good health.

...(CONTINUED ON I-831)
```

RAMOS 7456 RAMOS
Deportation Officer

Alien has been advised of communication privileges  AR 11/1/19 (Date/Initials)

(Signature and Title of Immigration Officer)

Distribution:
- FILE
- STATS
- OFFICER

Received: (Subject and Documents) (Report of Interview)

Officer: RAMOS 7456 RAMOS
on: November 1, 2019 (time)
Disposition: Warrant of Arrest/Notice to Appear
Examining Officer: KEMERLING 4698

Form I-213 (Rev. 08/01/07)

RECEIVED IN COURT
DATE 12/12/19
NAME ___ PSD

U.S. Department of Homeland Security | Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| MEJIA-ACOSTA, CESAR JANICSIO | 200 956 125 | 11/01/2019 |

Current Administrative Charges
--------------------------------
11/01/2019 - 212a6Ai - ALIEN PRESENT WITHOUT ADMISSION OR PAROLE - (PWAs)

CRIMINAL AFFILIATIONS
--------------------------------
Subject has been identified as a Member/Inactive of M.S.13

TYPE OF EMPLOYMENT
--------------------------------
Operators, Fabricators, and Laborers

ARRESTING AGENTS
--------------------------------
8441 ▇ PEREZ
4698 KEMERLING
RAMOS 7456 RAMOS

At/Near
--------------------------------
Austin, Texas

Record of Deportable/Excludable Alien:
ALIENAGE:
MEJIA-ACOSTA, Cesar Janicsio is not a citizen or national of the United States. Subject claims to be a citizen and national of Honduras present in the United States illegally with an expired Temporary Protected Status (TPS) permit.

| Signature | Title |
|---|---|
| RAMOS 7456 RAMOS | Deportation Officer |

2 of 5 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

8

| U.S. Department of Homeland Security | | Continuation Page for Form I-213 |
|---|---|---|
| Alien's Name<br>MEJIA-ACOSTA, CESAR JANICSIO | File Number<br>200 956 125 | Date<br>11/01/2019 |

Subject stated that he has no petition pending for legal residency nor has one been filed on his behalf to be legally present in the United States.

ENTRY:
MEJIA-ACOSTA claims that he illegally entered the United States illegally by wading across the Rio Grande river at or near Laredo, Texas on or about an unknown date.

[redacted]

MEJIA-ACOSTA provided had no valid identification with him to support his claim of identity

MEJIA-ACOSTA was placed in restraints, searched for weapons and transported to the ICE/ERO office in Austin, Texas.

[redacted]

IMMIGRATION HISTORY:
On January 31, 2013 MEJIA-ACOSTA Temporary Protected Status (TPS) was granted.

| Signature<br>RAMOS 1456 RAMOS | Title<br>Deportation Officer |
|---|---|

3 of 5 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

9

U.S. Department of Homeland Security                    Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| MEJIA-ACOSTA, CESAR JANICSIO | 200 956 125 | 11/01/2019 |

On February 27, 2013 Removal Proceedings were terminated by Immigration Judge Burkhart in San Antonio, Texas.

On October 26, 2016 MEJIA-ACOSTA was notified by U.S. Citizenship and Immigration Services (USCIS) of its intent to deny his TPS re-registration application and intent to withdraw his TPS.

MEJIA-ACOSTA was instructed to submit within 33 days judgement and conviction documents for his arrests on November 8, 2014 for Driving While Intoxicated and April 6, 2015 for Assault Fam/House Member Impede Breath/Circulation.

On November 26, 2016 MEJIA-ACOSTA failed to respond to the USCIS notice of intent to deny his TPS re-registration application. Therefore, his re-registration application was denied and TPS was withdrawn.

CRIMINAL HISTORY:


11/08/2014 - DRIVING WHILE INOTXICATED
DISPOSITION: CONVICTED 180 DAYS

04/06/2015 - ASSAULT
DISPOSITION: 2 YEARS PROBATION

07/24/2016 - DRIVING WHILE INTOXICATED 2ND
DISPOSITION: 75 DAYS CONFINEMENT


ALL WANTS AND WARRANTS CHECKS WERE NEGATIVE

LEGAL RIGHTS:
MEJIA-ACOSTA was advised of his right to speak with a consular officer from his country. The subject acknowledged his right to contact his country's consular representative. MEJIA-ACOSTA declined to speak with the Honduras Consulate.

SUBJECT MAKES NO CLAIM IN SERVING IN ANY OF THE BRANCHES OF THE UNITED STATES MILITARY.

TELEPHONE CALL:

MEJIA-ACOSTA was afforded the opportunity to make a free phone call, and he contacted his mother and wife. DO Ramos assisted MEJIA-ACOSTA in placing the call at 0830hrs.

GANG AFFILIATION:
DOCUMENTED BY AUSTIN POLICE DEPARTMENT AS SUR 13 AND MS 13 GANG MEMBER ON 05/14/2010 & 05/28/2010

ON 05/14/2010 SUBJECT WAS DOCUMENTED BY THE AUSTIN POLICE DEPARTMENT AS A SUR 13 GANG MEMBER ON THIS RECORD THE APD OFFICER FONTH THAT CESAR HAD A 13 TATTOO ON HIS LEFT HAND COMMON TO SUR 13 GANG MEMBERS.
THE APD OFFICER ALSO DOCUMENTED THAT MEJIA ASSOCIATES WITH KNOWN AND DOCUMENTED SUR 13 GANG MEMBER VICTOR MENA.

| Signature | Title |
|---|---|
| A. RAMOS 7456 RAMOS | Deportation Officer |

4 of 5 Pages

U.S. Department of Homeland Security  Continuation Page for Form I-213

| Alien's Name | File Number | Date |
|---|---|---|
| MEJIA-ACOSTA, CESAR JANICSIO | 200 956 125 | 11/01/2019 |

ON 05-28-10, APD OFFICER WAS CONTACTED ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ AND ASKED ABOUT CESAR MEJIA 9-5-89. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ THAT MEJIA WAS THE PERPETRATOR IS AFRAID OF CESAR AND CLAIMED THAT CESAR IS A MS 13 GANG MEMBER AS HIS BROTHER AND MOST OF THEIR FRIENDS.

MEJIA-ACOSTA FREELY ADMITTED GANG AFFILIATION WITH WHEN HE WAS YOUNGER IN SHOOL.
SUBJECT STATES HE IS NO LONGER INVOLVED IN ANY GANG ACTIVITY AND DOES NOT HAVE ANY CONTACT WITH OTHER GANG MEMBERS IN THE AUSTIN AREA. SUBJECT STATES HE HAS A FAMILY NOW AND WORKS TO SUPPORT THEM.

TERRORIST DISCLAIMER:
Subject claims to not having any links to terrorism.  Subject was also questioned regarding his presence and/or travel through these countries.  Subject denied any presence and/or travel through these countries.

HUMANITARIAN:
SUBJECT CLAIMS FEAR IN RETURNING TO HIS NATIVE COUNTRY.

SUBJECT CLAIMS HIS LIFE IS IN DANGER IF HE RETURNS TO HIS COUNTY.

MEDICAL HISTORY/ILLNESS:
SUBJECT CLAIMS GOOD HEALTH

DISPOSITION:
MEJIA-ACOSTA was processed as a WA/NTA and forms I-200, I-862, I-286, EOIR-33, and a list of Free Legal Services were executed and served.  MEJIA-ACOSTA will be held at the South Texas Detention Complex (Pearsall, TX), pending his immigration hearing.


Other Identifying Numbers
----------------------------------------
ALIEN-200956125

| Signature | Title |
|---|---|
| RAMOS 2456 RAMOS | Deportation Officer |

5 of 5 Pages

Form I-831 Continuation Page (Rev. 08/01/07)

11