IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CESAR M.[1], § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:25-cv-138 |
| § | |
| PAM BONDI, *et al.*, § | |
| *in their official capacities*, § | |
|     Respondents. § | |

## ORDER DELAYING ISSUANCE OF INITIAL SCHEDULING ORDER AND RESETTING STATUS CONFERENCE

On June 25, 2025, through a Motion to Change Venue (Dkt. No. 11), this case was transferred to this jurisdiction from the United States District Court for the Western District of Texas. Dkt. No. 13. Upon receipt of referral, this Court set a status conference for July 22, 2025, to discuss the Court's subject matter jurisdiction and the orderly progress of the petition. Dkt. No. 17.

On July 17, 2025, the Court received Respondents' Unopposed Motion for Extension of Time to File Responsive Pleading. Dkt. No. 24. Through this filing, the Court became aware of a hearing scheduling for Petitioner before an Immigration Judge. *Id.* at 2. Consequently, the Court granted an initial delay of a responsive pleading. Dkt. No. 25.

The Court held an initial pretrial conference to address further progress of this case given the recent immigration hearing. *See* Minute Entry dated July 22, 2025. Petitioner's counsel represented that Petitioner is currently detained within the territorial/geographical jurisdiction of this Court. *Id.* Petitioner's counsel also represented that the Immigration Judge denied relief to Petitioner, but any order of removal is not yet final as Petitioner may appeal the decision of the Immigration Judge. *Id.* Respondents argued this Court likely lacks subject

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

matter jurisdiction over this petition given the lack of a final order of removal. *Id.*

The Court considers the issuance of a pretrial scheduling order and the progress of discovery in this case. "Questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (cleaned up)). Given the above and pursuant to Federal Rule of Civil Procedure 16(b)(2), the Court finds good cause to delay entering a pretrial scheduling order. A scheduling order setting forth case management deadlines will be entered after the next status conference, if appropriate.

On July 23, 2025, the Court received Respondents Unopposed Motion to Continue the Status Conference and Stay of Deadlines. Dkt. No. 26. The Court finds good cause supports resetting the status conference. Accordingly, the Court **GRANTS** Respondents' Motion to Continue (Dkt. No. 26) the Status Conference.

Further, the Court **DELAYS** the need for Respondents to file a responsive pleading. Respondents may file a responsive pleading if they chose to do so, but one is not required at this time. The matter will be reconsidered at the Court's next status conference.

Accordingly, the Court **RESETS** the status conference for **Thursday, August 28, 2025, at 9:30 a.m. CDT** to discuss the progress of this case. Parties are advised to be prepared to discuss the Court's subject matter jurisdiction and responsive pleading deadlines. Videoconferencing information will be sent via electronic mail to counsel of record for each party.

Signed on July 24, 2025.

*Karen Betancourt*
Karen Betancourt
United States Magistrate Judge