United States District Court
Southern District of Texas
**ENTERED**
July 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CESAR M.-A., | § | |
| "Petitioner," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:25-cv-00138 |
| PAM BONDI, *et al*., | § | |
| "Respondents." | § | |

## ORDER

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241" (Dkt. No. 29) ("Petition") and Respondents' "Motion to Dismiss" (Dkt. No. 36) ("MTD").

On May 7, 2026, the Magistrate Judge issued a "Report and Recommendation to Dismiss Petitioner's Habeas Petition" (Dkt. No. 48) ("R&R"). On May 21, 2026, Petitioner filed "Petitioner's Objections to the Magistrate Judge's Report and Recommendation to Dismiss Petitioner's Habeas Petition" (Dkt. No. 50) ("Objections").  On May 29, 2026, before this Court considered Petitioner's Objections, Respondents filed their "Second Advisory to the Court" (Dkt. No. 51) ("Advisory").

Respondents' Advisory notifies the Court that Petitioner was removed to his native country on May 27, 2026, "pursuant to a final Order of Removal." Dkt. No. 51 at 1. The Court concludes from this filing that the Petition is now moot.[1]

For the Court to retain subject matter jurisdiction over this case, the Petition must continue to present a live case-or-controversy. *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Otherwise, the case is moot, and the Court is deprived of jurisdiction. A case becomes moot when it is "impossible for a court to grant any effectual relief whatever to the prevailing party." *Herndon*, 985 F.3d at 446 (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)).

Here, the Petition sought several main forms of relief: (1) release from detention, (2) an order prohibiting Respondents from transferring Petitioner outside of this district, (3) an order prohibiting Respondents from removing Petitioner without a final order of removal, and (4) an order prohibiting

---

[1] Because mootness "is a jurisdictional matter [,]" courts are "obliged" to raise the issue "sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

1 / 2

Respondents from removing Petitioner to a third country without a full and fair hearing.[2] Dkt. No. 29 at 6-7. Respondents removed Petitioner to his native country (not a third country) pursuant to a final order of removal. *See* Dkt. Nos. 49 & 51. Because that removal presupposes Petitioner's release from Respondents' custody and thus eliminates any possibility of transfer, there is no longer a live case-or-controversy for which this Court can offer relief.

Accordingly, the Petition (Dkt. No. 29) is hereby **DISMISSED** as moot. Respondents' MTD (Dkt. No. 36) is further **DENIED** as moot. Petitioner's Objections (Dkt. No. 50) are **OVERRULED** as moot. The Clerk of the Court is **ORDERED** to close this case.

SIGNED this July 8, 2026

_____
Rolando Olvera
United States District Judge

---

[2] The Petition also seeks attorney's fees under the Equal Access to Justice Act ("EAJA"), Dkt. No. 29 at 7. 28 U.S.C. § 2412(d)(1)(A). Because EAJA fees are not available in habeas corpus proceedings such as this one, *Barco v. Witte*, 65 F.4th 782 (5th Cir. 2023), such relief is foreclosed.